IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| *TRESEAN GINES*, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SKYJACK, INC., | ) **Case Removed from St. Clair** |
| LINAMAR CORPORATION, | ) **County, Illinois,** |
| LOWE'S HOME CENTERS, LLC a/k/a | ) **Cause No. 22LA0233** |
| *Lowe's Home Improvement Center,* | ) |
| UNITED RENTALS, INC., | ) |
| UNITED RENTALS, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## NOTICE OF REMOVAL

COMES NOW United Rentals (North America), Inc., improperly named by plaintiff as United Rentals, Inc.; United Rentals, Inc.; and "United Rentals," by and through undersigned counsel, and for this notice of Removal to the United States District Court for the Southern District of Illinois, East St. Louis Division, pursuant to 28 U.S.C. § 1332, § 1441, and § 1446, states as follows:

1. On March 18, 2022, Plaintiff Tresean Gines filed a complaint in the Twentieth Judicial Circuit, St. Clair County, Illinois, as captioned above and assigned Cause Number 22LA0233. (**Exhibit A**, Plaintiff's Complaint and Civil Cover Sheet). Plaintiff seeks damages for injuries asserting product liability and negligence claims against multiple defendants.

2. The United States District Court for the Southern District of Illinois, East St. Louis Division, has original jurisdiction over this litigation pursuant to 28 U.S.C. § 1332 as there is diversity of citizenship between Plaintiff Gines and all defendants and the amount in

controversy exceeds $75,000, exclusive of interest and costs. In addition, this action is removed to this Court with the consent of all named defendants.

## VENUE

3. The Complaint of plaintiff Tresean Gines ("Gines") alleges that the occurrence and damages in this case occurred at a Lowe's Home Improvement Center located at 6211 N. Illinois St., Fairview Heights, Illinois, in St. Clair County. (Exhibit A at ¶ 22).

4. Venue lies in this Court pursuant to 28 U.S.C. § 1446(a) because the original action was filed in St. Clair County, Illinois which is within the United States District Court for the Southern District of Illinois, East St. Louis Division.

## DIVERSITY OF CITIZENSHIP

4. Plaintiff Gines alleges he is a citizen and resident of Park Forest, Illinois. (Exhibit A at ¶ 1).

5. Skyjack, Inc. is a Canadian corporation with its principal place of business in Guelph, Province of Ontario, Canada, both at the time this action as filed and at the time of this removal. (**Exhibit B**, Declaration of Ryan Spencer and Consent to Removal for Skyjack).

6. On April 22, 2022, Plaintiff voluntarily dismissed Linamar Corporation. (Exhibit B; Exhibit G at page 62).

7. Lowe's Home Centers, LLC (incorrectly sued as "Lowe's Home Centers, LLC a/k/a Lowe's Home Improvement Center") is a limited liability company organized under the laws of North Carolina and with a principal place of business located at 1000 Lowe's Boulevard, Mooresville, North Carolina 28117. (**Exhibit C**, Lowe's Consent to Remove and Declaration of Tyra Spencer).

8. A limited liability company citizenship for diversity purposes is the collective

citizenship of its members. *Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equip. Co. Ltd.*, 759 F.3d 787, 787 (7th Cir. 2014).

9. Lowe's Home Centers, LLC's sole member is Lowe's Companies, Inc. (Exhibit C). Lowe's Companies, Inc. is a North Carolina corporation with its principal place of business is in Mooresville, North Carolina. (*Id.*). Therefore, for the purposes of diversity jurisdiction, Lowe's Home Centers, LLC, adopts the citizenship of its single member (Lowe's Companies, Inc.), making Lowe's Home Centers, LLC a citizen of North Carolina.

10. United Rentals (North America), Inc., improperly named as United Rentals, Inc., is now and was at the commencement of this action a corporation incorporated and existing under the laws of the state of Delaware with its principal place of business in the state of Connecticut. (**Exhibit D**, Declaration of Robert McIntyre).

11. United Rentals, Inc. is now and was at the commencement of this action a corporation incorporated and existing under the laws of the state of Delaware with its principal place of business in the state of Connecticut. (**Exhibit D**, Declaration of Robert McIntyre).

12. "United Rentals" is not a legal entity (Exhibit D) and therefore is a non-jural entity. The subject Skyjack scissor lift was rented from 5076 Mid America Ct, Collinsville, Illinois 62234, which is one of numerous branches operated by United Rentals (North America), Inc. Because "United Rentals" is a non-jural entity, (*id.*), it cannot join in or consent to the removal of a case, nor is the citizenship of the non-existent entity considered for purposes of complete diversity of citizenship. See *Cruz v. Walgreens Store #5522*, No. CV 20-3338-KSM, 2020 WL 4431469, at *3 (E.D. Pa. July 31, 2020) (collecting cases).

13. Therefore, complete diversity of citizenship exits between Plaintiff Gines (who is a citizen of Illinois) and all defendants (who are citizens of Canada, North Carolina, Delaware,

and Connecticut) as required by 28 U.S.C. § 1332(a). All defendants who have not been dismissed have joined or consented to removal of this action to this Court, (**Exhibit B, Exhibit C,** and **Exhibit G**), under 28 U.S.C. 1446(b)(2)(A).

## AMOUNT IN CONTROVERSY

14. Plaintiff Gines alleges he sustained injuries on March 26, 2020 while using a 32-foot Skyjack scissor lift model SJIII3226 rented by United Rentals (North America), Inc., improperly named by plaintiff as United Rentals, Inc. and "United Rentals," to plaintiff's employer and used at the Lowe's in Fairview Heights. (Exhibit A at ¶¶ 18, 22, and 23).

15. Plaintiff alleges the scissor lift was extended and on a grade at the time it tipped over and he fell to the floor, sustaining injures to his spine, pelvis, leg, elbow, and hand. (Exhibit A at ¶¶ 32-34). He claims damages for past and future physical pain, disfigurement, mental and emotional distress, medical expenses, and lost wages. (Exhibit A at ¶¶ 18, 22, and 23).

16. Following his injuries, Plaintiff Gines received numerous surgeries to his pelvis and arm and medical treatment from multiple treaters and the lien for his ongoing workers' compensation claim exceeds $75,000. Exclusive of interest and costs, the damages sought and amount in controversy in this matter exceed $75,000 as required by 28 U.S.C. § 1332(a).

## TIMELINESS, NOTICE, and PROCEDURAL REQUIREMENTS

17. United Rentals, Inc. is the earliest served defendant and was served with the Summons and Complaint on March 29, 2021. This notice of removal was filed within thirty days after receipt of this initial pleading pursuant to 28 U.S.C. § 1446(b) and is therefore timely.

18. Written notice of the filing of this removal was given to Plaintiff pursuant to 28 U.S.C. § 1446(d) as seen in the attached **Exhibit E**.

19. A copy of this notice of removal is being concurrently filed with the Circuit Court of St. Clair County, Illinois as required by 28 U.S.C. §1446(d) as seen in the attached **Exhibit F** and proof of such notice will be filed as a separately document.

20. A copy of all process, pleadings, and orders filed in the state court case are attached and filed contemporaneously with this notice of removal in accordance with 28 U.S.C. §1446(a). (**Exhibit G**).

WHEREFORE, United Rentals (North America), Inc., improperly named by plaintiff as United Rentals, Inc.; United Rentals, Inc.; and "United Rentals," remove this case to the United States District Court for the Southern District of Illinois, East St. Louis Division; the filing of this Notice of Removal shall effect the removal of said civil action to this Court.

                    SANDBERG PHOENIX & von GONTARD P.C.

By:     */s/ Casey F. Wong*
       Lyndon P. Sommer, #6210128
       Casey F. Wong, #6302131
       600 Washington Avenue - 15th Floor
       St. Louis, MO  63101-1313
       314-231-3332
       314-241-7604 (Fax)
       lsommer@sandbergphoenix.com
       cwong@sandbergphoenix.com

*Attorneys for Defendants*

## **Certificate of Service**

The undersigned certifies that on April 26, 2022 I have served a true and correct copy of the foregoing to the following counsel of record via the Court's ECF system, electronic mail, and U.S. Mail and via email to counsel for the codefendants:

Ted N. Gianaris
One Court Street
Alton, IL, 62002
tginanaris@lawforpeople.com
*Attorney for Plaintiff Tresean Gines*

                */s/ Casey F. Wong*