# Exhibit A
# Plaintiff's Complaint and Civil Cover Sheet

17123376

Electronically Filed
Marie Zaiz
Circuit Clerk
Nora McDaniel
22LA0233
St. Clair County
3/18/2022 1:30 PM
17146856

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| TRESEAN GINES, | ) |
|     Plaintiff, | ) ) ) Cause No.: 22LA0233 |
| vs. | ) ) |
| SKYJACK, INC., LINAMAR CORPORATION, LOWE'S HOME CENTERS, LLC, a/k/a     Lowe's Home Improvement Center UNITED RENTALS, INC., UNITED RENTAL, | ) ) ) ) ) ) |
|     Defendants | ) |

## COMPLAINT

COMES NOW Plaintiff Tresean Gines, by and through his attorney Ted Gianaris for Gianaris Trial Lawyers LLC, and states as follows:

1. Plaintiff, Tresean Gines, is a citizen and a resident of Park Forest, Illinois.

2. Defendant Skyjack, Inc. is a company organized under the laws of Ontario Canada, with its principal place of business in Ontario Canada. (Hereafter Skyjack)

3. Skyjack is a wholly owned subsidiary or in the alternative is a division or operating segment of Linamar Corporation.

4. Defendant Linamar Corporation is a company organized under the laws of Ontario Canada, with its principal place of business in Ontario Canada. (Hereafter Linamar).

5. Linamar Corporation's business is providing manufacturing solutions and is a developer of highly engineered products.

Cause No.:                                    Page **1 of 16**

6. Linamar Corporation is authorized to do business in the United States and markets and sells products in the United States including Illinois.

7. Linimar is subject to personal jurisdiction in this court because Tresean Gines was injured by Linimar's product in Illinois. Pursuant to 735 ILCS 5/2-209 the cause of action arises from Linimar transacting business within the State and from Linimar's commission of a tortious act within this State.

8. Skyjack's business is the design, manufacture and sale of scissor lifts also known as Mobile Elevating Work Platforms.

9. Skyjack is authorized to do business in the United States and markets and sells products in the United States including Illinois.

10. Skyjack is subject to personal jurisdiction in this court because Tresean Gines was injured by Skyjack's product in Illinois. Pursuant to 735 ILCS 5/2-209 the cause of action arises from Skyjack's transacting business within the State and from Skyjack's commission of a tortious act within this State.

11. Defendant, Lowe's Home Centers, LLC, also known as Lowe's Home Improvement Center, is a North Carolina limited liability company. (Hereafter Lowe's).

12. Lowe's is a wholly owned subsidiary or in the alternative a division of Lowe's Companies, Inc.

13. Lowe's is in the business of retail sales of home improvement products.

14. Lowe's is subject to personal jurisdiction in this court because Tresean Gines was injured by Lowe's actions or inactions on Lowe's premises in Illinois. Pursuant to 735 ILCS 5/2-209 the cause of action arises from Lowe's transacting business within the State and from Lowe's commission of a tortious act within this State.

15. Defendant, United Rentals, Inc., is a Delaware corporation with its principal place of business in Connecticut. (Hereafter United).

16. In the alternative United Rental is business entity doing business in Collinsville, Illinois and/or Earth City, Missouri.

17. United is an equipment rental company that serves construction and industrial customers, utilities, municipalities, and others.

18. United is subject to personal jurisdiction in this court because it transacted business in Illinois by renting a scissor lift in Illinois that led to Tresean Gines' injury and Tresean Gines was injured by United's product in Illinois. Pursuant to 735 ILCS 5/2-209 the cause of action arises from United transacting business within the State and from United's commission of a tortious act within this State.

19. On March 26, 2020, Tresean Gines was working for Reliable Re-Lamping Inc.

20. On March 26, 2020, pursuant to the Scaffold and Access Industry Association Manual of Responsibilities Tresean Gines was Authorized personnel: personnel approved or assigned by the user to perform a specific type of duty or duties at a specific location or locations at a worksite.

21. On March 26, 2020, pursuant to The American National Standards Institute (ANSI) and pursuant to the Scaffold and Access Industry Association Manual of Responsibilities Tresean Gines was an operator: An entity qualified to control the movement of a Mobile Elevating Work Platform.

22. On March 26, 2020, Tresean Gines was at Lowe's located at 6211 N. Illinois St., Fairview Heights, Illinois.

23. On March 26, 2020, Reliable Re-Lamping Inc. possessed a scissor lift model SJIII3226 (Hereafter the scissor lift) designed, and/or manufactured, and/or sold by Skyjack.

24. On March 26, 2020, Reliable Re-Lamping Inc. possessed the scissor lift designed and manufactured by Skyjack and/or Linamar and owned by United.

25. On March 26, 2020, Reliable Re-Lamping Inc. possessed the scissor lift it rented from United.

26. On March 26, 2020, pursuant to The American National Standards Institute (ANSI) and pursuant to the Scaffold and Access Industry Association Manual of Responsibilities, United was an Owner: An entity who has possession of Mobile Elevating Work Platforms by virtue of purchase or legal possession of the Mobile Elevating Work Platform.

27. On March 26, 2020, pursuant to The American National Standards Institute (ANSI) and pursuant to the Scaffold and Access Industry Association Manual of Responsibilities, United was a Dealer: An entity who buys, rents or leases from a manufacturer or distributor and who generally sells, rents and services Mobile Elevating Work Platforms.

28. On March 26, 2020, Tresean Gines was in the scissor lift in the garden center at Lowe's.

29. On March 26, 2020, when Tresean Gines was in the scissor lift in the garden center at Lowe's the lift was extended and was on a grade.

30. On March 26, 2020, when the scissor lift was extended and was on a grade the device which senses the aerial platform is out of level in any direction malfunctioned or did not operate and the tilt alarm did not activate.

31. On March 26, 2020, when the scissor lift was extended and was on a grade the device which senses the aerial platform is out of level in any direction malfunctioned or did not operate and the drive function was not disabled.

32. On March 26, 2020, when the scissor lift was extended and was on a grade the device which senses the aerial platform is out of level in any direction malfunctioned or did not operate and the lift function was not disabled.

33. On March 26, 2020, the scissor lift tipped causing Tresean Gines to fall to the floor below. (Hereafter the fall)

34. As a direct and proximate result of the fall Tresean Gines injured his elbow, leg, hand, pelvis and spine an had other bodily injuries.

35. As a direct and proximate result of the fall Tresean Gines suffered physical pain, disfigurement, and mental and emotional distress both past and future.

36. As a direct and proximate result of the fall Tresean Gines has incurred medical expenses and lost wages, both past and future.

37. The fall happened in Fairview Heights, Illinois thus venue is proper in this Court.

## SKYJACK and/or LINIMAR'S NEGLIGENCE

38. The above paragraphs are incorporated here as if fully restated.

39. Skyjack and/or Linimar designed the scissor lift.

40. Skyjack and/or Linimar manufactured the scissor lift.

41. Skyjack and/or Linimar sold and/or introduced the scissor lift into the stream of commerce.

42. Skyjack and/or Linimar owed a duty to act reasonably under the same or similar circumstances.

43. Skyjack and/or Linimar breached the duty to act reasonably and was/were negligent by:

    a. designing, manufacturing and/or introducing into the stream of commerce the scissor lift which did not have appropriate safety precautions to prevent it from tipping when operated in a reasonably foreseeable manner;

    b. Failing to design or manufacture the scissor lift which appropriately sensed the aerial platform was out of level in any direction;

    c. Failing to design or manufacture the scissor lift with an appropriate tilt alarm;

d. Failing to design or manufacture the scissor lift with an appropriate safety feature so the drive function would appropriately disable when the scissor lift was out of level in any direction;

e. Failing to warn users of the scissor lift that it lacked safety features that if present would have decreased the chances of tipping or prevented tipping;

f. Designing and manufacturing the scissor lift without safety features it knew, or should have known, were necessary for safe operation;

g. Failing to design or manufacture the scissor lift with the degree of skill and care ordinarily used under the same or similar circumstances by manufacturers and experts in Skyjack's or Linamar's business;

h. Attempting to require the operator to inspect the scissor lift's tilt sensor when it knew or should have known the operator was not qualified and/or did not have the appropriate training or know-how or expertise to inspect the scissor list tilt sensor; and/or

i. Not providing an appropriate means by which operators received the Skyjack operator's check list and were taught how to appropriately use the list regarding tilt sensor;

j. Other acts of negligence, carelessness, and recklessness.

44. Each or all of these acts of negligence was/were the proximate cause of the scissor lift tipping when being used for its intended purpose and Tresean Gines was injured as described above.

WHEREFORE, Plaintiff, prays this Court to enter judgment in his favor and against this Defendant jointly and severally, to award compensatory damages more than the jurisdictional limit for this court, and to grant such other and further relief as this Court deems appropriate.

### SKYJACK and/or LINAMAR'S STRICT LIABILITY

45. The above paragraphs are incorporated here as if fully restated.

46. Skyjack and/or Linamar sold the sky lift in a defective condition unreasonably dangerous to the user or consumer.

47. Skyjack and/or Linamar expected and intended the scissor lift to be sold or distributed or rented and to reach users in the condition in which it was sold or distributed.

48. On March 26, 2020, Tresean Gines was unaware of any defect scissor lift.

49. When Tresean Gines sustained injuries in the fall, the scissor lift was in a defective condition, and it was unreasonably dangerous to a user in that the sky lift was designed without adequate mechanical capabilities and safety precautions to prevent it from tipping.

50. When Tresean Gines sustained injuries in the fall, the scissor lift was in a defective condition, and it was unreasonably dangerous to a user in that the sky lift did not have adequate warning of its dangerous propensity to tip.

51. The defective condition was not observable to Tresean Gines who relied on the duty of Skyjack to deliver the scissor lift at the time it left Skyjack's possession in a condition fit for use for the purposes intended.

52. On March 26, 2020, Tresean Gines was using the scissor lift in the course and scope of his work when the scissor lift's anti-tip capabilities failed to keep it from tipping.

53. Skyjack made an implied warranty that the scissor lift was fit for use as an elevated work platform, the purpose for which it was designed, that it was safe and suitable to be used as an elevated work platform and that it was safe and suitable to be used by Tresean Gines in elevated work.

54. In using the scissor lift Tresean Gines relied on Skyjack's skill and judgment in the implied warranty of fitness for the purpose of elevated work.

55. The scissor lift was not fit to use for its intended purpose, and as a result Skyjack breached the warranty of fitness.

56. The scissor lift designed and manufactured by Skyjack and used by Tresean Gines was not of merchantable quality, rather was unfit, unsafe, and unusable for the purpose for which it was intended.

57. Each or all of these defects was/were the proximate cause of the scissor lift tipping when being used for its intended purpose and Tresean Gines was injured as described above.

WHEREFORE, Plaintiff, prays this Court to enter judgment in his favor and against Defendants jointly and severally, to award compensatory damages more than the jurisdictional limit for this court, and to grant such other and further relief as this Court deems appropriate

## UNITED NEGLIGENCE

58. The above paragraphs are incorporated here as if fully restated.

59. United rented and thus introduced the scissor lift into the stream of commerce.

60. United owed a duty to act reasonably under the same or similar circumstances.

61. United breached the duty to act reasonably and was negligent by:

   a. Introducing into the stream of commerce the scissor lift which did not have appropriate safety precautions to prevent it from tipping when operated in a reasonably foreseeable manner;

   b. Introducing into the stream of commerce the scissor lift which failed to appropriately senses the aerial platform was out of level in any direction;

   c. Introducing into the stream of commerce the scissor lift without an appropriate or appropriately functioning tilt alarm;

  d. Introducing into the stream of commerce a scissor lift without an appropriate safety feature so the drive function would appropriately disable when the scissor lift was out of level in any direction;

  e. Failing to warn users of the scissor lift that it lacked safety features that if present would have decreased the chances of tipping or prevented tipping;

  f. Introducing into the stream of commerce a scissor lift without safety features it knew, or should have known, were necessary for safe operation;

  g. Attempting to require the operator to inspect the scissor lift's tilt sensor without appropriate training or know how or expertise to inspect the scissor lift's tilt sensor;

  h. Renting a scissor lift that had not been appropriately maintained;

  i. Renting a scissor lift that had broken or not working parts;

  j. Renting a scissor lift in a defective condition;

  k. Renting a scissor lift without meeting the responsibility for training and/or familiarizing Reliable Re-Lamping or the user with the safe operation of the scissor lift;

  l. Failing to provide the Skyjack operator's check list to the operator;

  m. Failing to rent the scissor lift with the degree of skill and care ordinarily used under the same or similar circumstances by rental companies in United's business.

  n. Other acts of negligence, carelessness, and recklessness.

62. The American National Standards Institute (ANSI), promulgates safety standards. Defendant violated a safety standard, to wit the ANSI standards; violation of the ANSI standards caused the type of harm that the standard was intended to prevent, to wit: the scissor lift's tipping and Tresean Gine's fall; and violation of the ANSI standard caused injury to a member of the class of persons intended to be protected by the standard, to wit: the scissor lift's operator, Tresean Gines.

Page **9** of **16**

63. Before the rental period that included March 26, 2020, as a Dealer and/or Owner of the scissor lift, United is guilty of negligence per se for failing to conduct an appropriate pre-delivery inspection as required by The American National Standards Institute (ANSI) and pursuant to the Scaffold and Access Industry Association Manual of Responsibilities, to wit: prior to each delivery, the owner or dealer delivering the MEWP for sale, lease, rental of any form of use shall insure the MEWP is inspected, repaired and adjusted in accordance with the manufacturer's specifications.

64. Before the rental period that included March 26, 2020, as a Dealer and/or Owner of the scissor lift, United is guilty of negligence per se for failing to conduct an appropriate Frequent Inspection as required by The American National Standards Institute (ANSI) and pursuant to the Scaffold and Access Industry Association Manual of Responsibilities, to wit: prior to placing the MEWP into service the MEWP owner shall insure a frequent inspection is performed in accordance with the requirements of sections 5.3.2, 5.3.3 and 5.3.4 and the manufacturer's instructions unless it is determined that the frequent inspection is current. 5.3.3 the inspection shall be made by a person qualified to inspect the specific make and model of the MEWP. The inspection shall include all items specified by the manufacturer for a frequent inspection, to include manufacturer's bulletins and shall as applicable, include but not be limited to the following: a) all functions and their controls, including controls for emergency operations, for speed(s), proper operation and limits of motion; … f) visual inspection of … locking devices; … [and,] o) audible or visual alarms, if applicable, for proper operation… .

65. United is guilty of negligence per se for violation of the requirement by The American National Standards Institute (ANSI) and pursuant to the Scaffold and Access Industry Association Manual of Responsibilities section 5.3.4, to wit: the MEWP shall not be placed into service until all malfunctions and problems have been corrected.

Page **10** of **16**

66. Before the rental period that included March 26, 2020, as a Dealer and/or Owner of the scissor lift, United is guilty of negligence per se for failing to conduct an appropriate Annual Inspection as required by The American National Standards Institute (ANSI) and pursuant to the Scaffold and Access Industry Association Manual of Responsibilities to wit: owner shall insure an annual inspection is performed no later than 13 months from the date of the prior annual inspection: the inspection shall be performed by a person qualified to inspect the specific make and model of MEWP. The inspection shall include all items included in frequent inspection (see 5.3.3.) Plus, items specified by the manufacturer for an annual inspection, to include manufacturer's bulletins. The inspection shall verify that the MEWP is registered with the MEWP manufacturer and that any open safety – related bulletins are addressed as part of the inspection. The MEWP shall not be placed back into service until all malfunctions and problems identified in this inspection have been corrected.

67. Each or all of these acts of negligence was/were the proximate cause of the scissor lift tipping when being used for its intended purpose and Tresean Gines was injured as described above.

WHEREFORE, Plaintiff, prays this Court to enter judgment in his favor and against Defendant jointly and severally, to award compensatory damages more than the jurisdictional limit for this court, and to grant such other and further relief as this Court deems appropriate.

## UNITED STRICT LIABILITY

68. The above paragraphs are incorporated here as if fully restated.

69. United rented the sky lift in a defective condition unreasonably dangerous to the user or consumer.

70. When Tresean Gines sustained injuries in the fall, the scissor lift was in a defective condition, and it was unreasonably dangerous to a user in that the sky lift was rented without adequate mechanical capabilities and safety precautions to prevent it from tipping.

71. When Tresean Gines sustained injuries in the fall, the scissor lift was in a defective condition, and it was unreasonably dangerous to a user in that the sky lift did not have adequate warning of its dangerous propensity to tip.

72. United expected and intended the scissor lift to be used in the condition in which it was rented.

73. On March 26, 2020, Tresean Gines was unaware of any defect in the scissor lift.

74. When Tresean Gines sustained injuries in the fall, the scissor lift was in a defective condition, it was unreasonably dangerous to a user in that the lift had inadequate mechanical capabilities and safety precautions to prevent it from tipping.

75. The defective condition was not observable to Tresean Gines who relied on the duty of United to deliver the scissor lift in a condition fit for use for the purposes intended.

76. On March 26, 2020, Tresean Gines was using the scissor lift in the course and scope of his work when the scissor lift's anti-tip capabilities failed to keep it from tipping.

77. United made an implied warranty that the scissor lift was fit for use as an elevated work platform, the purpose for which it was rented and thus introduced into the stream of commerce, that it was safe and suitable to be used as an elevated work platform and that it was safe and suitable to be used by Tresean Gines in elevated work at the Lowe's premises in Fairview Heights.

78. In using the scissor lift Tresean Gines relied on United's skill and judgment regarding the implied warranty of fitness for the purpose of elevated work at the Lowe's premises in Fairview Heights.

79. The scissor lift was not fit to use for its intended purpose, and as a result United breached the warranty of fitness.

80. The scissor lift rented by United and used by Tresean Gines was not of merchantable quality, rather was unfit, unsafe, and unusable for the purpose for which it was intended.

81. The American National Standards Institute (ANSI), promulgates safety standards. Defendant violated a safety standard, to wit the ANSI standards; violation of the ANSI standards caused the type of harm that the standard was intended to prevent, to wit: the scissor lift's tipping and Tresean Gine's fall; and violation of the ANSI standard caused injury to a member of the class of persons intended to be protected by the standard, to wit: the scissor lift's operator, Tresean Gines.

82. Before the rental period that included March 26, 2020, as a Dealer and/or Owner of the scissor lift, United is guilty of negligence per se for failing to conduct an appropriate pre-delivery inspection as required by The American National Standards Institute (ANSI) and pursuant to the Scaffold and Access Industry Association Manual of Responsibilities, to wit: prior to each delivery, the owner or dealer delivering the MEWP for sale, lease, rental or any form of use shall insure the MEWP is inspected, repaired and adjusted in accordance with the manufacturer's specifications.

83. Before the rental period that included March 26, 2020, as a Dealer and/or Owner of the scissor lift, United is guilty of negligence per se for failing to conduct an appropriate Frequent Inspection as required by The American National Standards Institute (ANSI) and pursuant to the Scaffold and Access Industry Association Manual of Responsibilities, to wit: prior to placing the MEWP into service the MEWP owner shall insure a frequent inspection is performed in accordance with the requirements of sections 5.3.2, 5.3.3 and 5.3.4 and the manufacturer's instructions unless it is determined that the frequent inspection is current. 5.3.3 the inspection shall

Page 13 of 16

be made by a person qualified to inspect the specific make and model of the MEWP. The inspection shall include all items specified by the manufacturer for a frequent inspection, to include manufacturer's bulletins and shall as applicable, include but not be limited to the following: a) all functions and their controls, including controls for emergency operations, for speed(s), proper operation and limits of motion; ... f) visual inspection of ... locking devices; ... [and,] o) audible or visual alarms, if applicable, for proper operation... .

84. United is guilty of negligence per se for violation of the requirement by The American National Standards Institute (ANSI) and pursuant to the Scaffold and Access Industry Association Manual of Responsibilities section 5.3.4, to wit: the MEWP shall not be placed into service until all malfunctions and problems have been corrected.

85. Before the rental period that included March 26, 2020, as a Dealer and/or Owner of the scissor lift, United is guilty of negligence per se for failing to conduct an appropriate Annual Inspection as required by The American National Standards Institute (ANSI) and pursuant to the Scaffold and Access Industry Association Manual of Responsibilities to wit: owner shall insure an annual inspection is performed no later than 13 months from the date of the prior annual inspection: the inspection shall be performed by a person qualified to inspect the specific make and model of MEWP. The inspection shall include all items included in frequent inspection (see 5.3.3.) Plus items specified by the manufacturer for an annual inspection, to include manufacturer's bulletins. The inspection shall verify that the MEWP is registered with the MEWP manufacturer and that any open safety – related bulletins are addressed as part of the inspection. The MEWP shall not be placed back into service until all malfunctions and problems identified in this inspection have been corrected.

86. Each or all of these defects and/or each or all of these violations of ANSI safety requirements was/were the proximate cause of the scissor lift tipping when being used for its intended purpose and Tresean Gines was injured as described above.

WHEREFORE, Plaintiff, prays this Court to enter judgment in his favor and against Defendant jointly and severally, to award compensatory damages more than the jurisdictional limit for this court, and to grant such other and further relief as this Court deems appropriate.

## LOWE'S NEGLIGENCE PREMISES LIABILITY

87. The above paragraphs are incorporated here as if fully restated.

88. Lowe's owed a duty to act reasonably under the same or similar circumstances.

89. Lowe's knew Tresean Gines was on its premises changing lights from the scissor lift.

90. Lowe's knew there was a grade in the garden center floor in the area Tresean Gine's Reliable Re-lamping were working with the scissor lift.

91. Lowe's knew or should have known there was a grade in its garden center floor that was hidden.

92. Lowe's knew or should have known there was a grade in its garden center floor that was not obvious.

93. Lowe's knew or should have known there was a grade in its garden center floor that was not known to Tresean Gines.

94. Lowes breached the duty to act reasonably and was negligent by:

    a. Not warning Tresean Gines of the dangerous grade;

    b. Requiring Tresean Gines to work on the dangerous grade;

    c. Allowing Tresean Gines to work on the dangerous grade;

95. Each or all of these acts of negligence was/were the proximate cause of the scissor lift tipping when being used for its intended purpose and Tresean Gines was injured as described above.

WHEREFORE, Plaintiff, prays this Court to enter judgment in his favor and against Defendant jointly and severally, to award compensatory damages more than the jurisdictional limit for this court, and to grant such other and further relief as this Court deems appropriate.

Respectfully Submitted,

GIANARIS TRIAL LAWYERS

Attorney for Plaintiff

/s/ Ted N. Gianaris
Ted N. Gianaris, IL#6237156
One Court Street
Alton, IL 62002
618-816-9999
tgianaris@lawforpeople.com

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Tresean Gines

### DEFENDANTS
Skyjack, Inc., Linamar Corporation, Lowe's Home Centers, LLC, United Rentals, Inc., and United Rentals

**(b)** County of Residence of First Listed Plaintiff: Cook County, IL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: foreign/Ontario, Canada
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ted N. Gianaris, Gianaris Trial Lawyers, One Court Street, Alton, IL 62002    618-816-9999    tgianaris@lawforpeople.com

Attorneys *(If Known)*
See attachment listing attorneys for defendants

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☒ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 840 Trademark | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332 (diversity)

Brief description of cause:
Plaintiff alleges personal injuries from falling from a scissor lift.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: N/A
DOCKET NUMBER:

DATE: 04/26/2022
SIGNATURE OF ATTORNEY OF RECORD: /s/ Casey F. Wong

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

**Counsel for Defendants – Attachment to Civil Cover Sheet**

Peter W. Herzog III
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
314.326.4129
pherzog@wtotrial.com

Thomas J. Palazzolo
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
303.244.0118
palazzolo@wtotrial.com
*Counsel for Defendant Skyjack Inc.*
*(and Linamar Corporation dismissed in state court on 4/22/2022)*


Josh C. Breithaupt
Wiedner & McAuliffe, Ltd.
101 S. Hanley, Suite 1450
Saint Louis, Missouri  63105
(314) 818-7949
jcbreithaupt@wmlaw.com
*Counsel for Defendant Lowe's Home Centers, LLC*


Lyndon P. Sommer
Sandberg Phoenix & von Gontard P.C.
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314.446.4264
lsommer@sandbergphoenix.com

Casey F. Wong
Sandberg Phoenix & von Gontard P.C.
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314.446.4318
cwong@sandbergphoenix.com
*Counsel for Defendants United Rentals (North America), Inc., improperly named by plaintiff as United Rentals, Inc.; United Rentals, Inc.; and "United Rentals"*