IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRESEAN GINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-840-DWD |
| | ) |
| SKYJACK, INC., | ) |
| LOWE'S HOME CENTERS LLC, and | ) |
| UNITED RENTALS (NORTH | ) |
| AMERICA, INC, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**DUGAN, District Judge:**

By Motion dated August 19, 2022, Plaintiff Tresean Gines seeks clarification from the Court as to a discovery deadline in the Scheduling and Discovery Order entered on May 25, 2022 (Doc. 40-1). Specifically, the parties disagree on the interpretation of language in Paragraph 6 of the Scheduling Order which provides: "Defendants' depositions shall be taken by [September 14, 2022]." (Doc. 40-1, ¶ 6).[1]

Plaintiff and Defendant Lowe's interpret this language to mean that Defendants' Fed. R. Civ. P. 30(b)(6) witnesses must be deposed by this deadline. However, Defendant Skyjack interprets this language to mean that all of Defendants' depositions, including employee depositions and 30(b)(6) depositions, must be taken by this deadline. The parties are allegedly at an impasse as to how to proceed so Plaintiff requests that

---

[1] The original deadline was set for August 31, 2022. However, Plaintiff represents that the parties have agreed to extend this deadline to September 14, 2022 (Doc. 63).

Paragraph 6 be modified to state: "6. Defendants' 30(b)(6) depositions shall be taken by September 14, 2022."

The current discovery deadline in this matter is set for January 23, 2023 (Doc. 40). Despite this remaining time, the parties have already had issues agreeing on rather simple scheduling and discovery matters (*See* Order at Doc. 39) (addressing the parties' excess arguments concerning the parties' discovery disputes). Indeed, the Court has already advised the parties to strictly comply with the good faith meet and confer requirements of Fed. R. Civ. P. 37 in resolving the preliminary discovery issues raised in their joint report (*See* Doc. 39). The Court also encouraged the parties to come to agreements without the Court's intervention in accordance with Fed. R. Civ. P. 29, which provides that the parties may stipulate to procedures governing discovery so long as those stipulations do not interfere with the Court's deadlines for completing discovery, hearing a motion, or for trial (Doc. 39) (citing Fed. R. Civ. P. 29). Finally, the Court cautioned the parties that if a meet and confer in accordance with Fed. R. Civ. P. 37 could not dispose of their discovery disputes, the Court would require the parties to file a Joint Discovery Report (*Id.*).

The parties are therefore **ORDERED** to meet and conduct a discovery conference on or before **August 30, 2022** to discuss unresolved discovery issues, including the current scheduling dispute. By **September 1, 2022** the parties shall submit a joint written discovery report to the Court at DWDpd@ilsd.uscourts.gov. The report shall be signed by all parties, and detail the date and duration of, and the medium used for the discovery conference. The report shall further identify and describe: (1) all discovery areas or issues

discussed by the parties during the discovery conference; (2) the discovery areas or issues resolved; and (3) the specific discovery or issues not resolved or still in dispute. For any issues not resolved or still in dispute, the parties are **DIRECTED** to specify in a clear and concise fashion the exact basis or bases for the objection to the discovery request and the proponent's response thereto.  Upon review of the joint report, the Court will determine whether further responses or a hearing on Plaintiff's Motion to Clarify (Doc. 63) are necessary.

The parties are reminded of their duties to cooperate in good faith.  *See, e.g.,* Fed. R. Civ. P. 1 (Federal rules should be "construed, administered, and employed by the … parties to secure the just, speedy, and inexpensive determination of every action and proceeding"); Fed. R. Civ. P. 37.  Moreover, Rule 37 requires the Court to presumptively award expenses, including attorney's fees, to the prevailing party of discovery disputes. Fed. R. Civ. P. 37(a)(5); *Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994) (Rule 37(a)(4) (now contained in Rule 37(a)(5)) "is a fee-shifting rule. The winner is entitled to fees unless the opponent establishes that his position was 'substantially justified.'").

**SO ORDERED.**

Dated: August 23, 2022

/s/ Daniel W. Dugan

DAVID W. DUGAN
United States District Judge