IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRESEAN GINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-840-DWD |
| | ) |
| SKYJACK, INC., | ) |
| LOWE'S HOME CENTERS LLC, and | ) |
| UNITED RENTALS (NORTH | ) |
| AMERICA, INC, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Now before the Court are three motions filed by the parties on August 29, 2022 (Doc. 65; Doc. 66; Doc. 67).

**Doc. 65: Plaintiff's Motion for Leave to file a Third Amended Complaint**

Plaintiff seeks leave to file his Third Amended Complaint so to refine his allegations in accordance with the discovery and inspections that have taken place (Doc. 65). Fed. R. Civ. P. 15(a)(2) provides that a party may amend its pleading with the opposing party's written consent or the court's leave, and that the "court should freely give leave when justice so requires." Plaintiff represents that Defendants do not oppose Plaintiff's request to file his Third Amended Complaint. Accordingly, Plaintiff's Motion to Amend Complaint (Doc. 65) is **GRANTED**. Plaintiff shall file his Third Amended Complaint *instanter*.

1

**Doc 66: Defendant United Rentals (North America) Inc.'s Motion for Leave to File an Amended Answer to Plaintiff's Second Amended Complaint**

Defendant United Rentals (North America) Inc. moves to file an amended answer to Plaintiff's Second Amended Complaint (Doc. 66). However, because Plaintiff has been granted leave to file his *Third* Amended Complaint, Defendant United Rentals (North America) Inc.'s Motion for Leave to File an Amended Answer to Plaintiff's *Second* Amended Complaint is **DENIED, as moot**. Defendant United Rentals (North America) Inc. is instead granted leave to file its answer to Plaintiff's Third Amended Complaint Second Amended Complaint by **September 15, 2022**.

**Doc. 67: Defendant Skyjack, Inc.'s Motion for Leave to File a Third-Party Complaint for Contribution against non-party Reliable Relamping, Inc.**

Defendant Skyjack, Inc. seeks leave to file a third-party complaint for contribution against non-party Reliable Relamping, Inc. ("Reliable") pursuant to 740 Ill. Comp. Stat. Ann. 100/2 and Fed. R. Civ. P. 14 (Doc. 67). Skyjack further represents that no parties oppose its Motion (Doc. 67, ¶ 15).

Fed. R. Civ. P. 14 governs third-party practice. Under Rule 14(a), a defending party may, as third-party plaintiff, serve a summons and complaint on a "nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). If more than fourteen days have passed after defendant filed its answer, which is the case here, defendant must first seek leave of court before filing the third-party complaint. *Id*. Leave should be granted so long as jurisdictional and venue requirements are met, and the plaintiff is not unfairly prejudiced. *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 650 (7th Cir. 2002) (district courts "should not preclude [the]

prosecution" of third-party actions so long as they fall "within the general contours described in Rule 14(a), [do] not contravene customary jurisdictional and venue requirements, and will not work unfair prejudice.").

The general contours of Rule 14(a) provide that a defendant may file a third-party complaint against, or implead, "a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a); *Ruderman v. Bank of Am., N.A.*, No. 10 C 6153, 2012 WL 4795705, at *1 (N.D. Ill. Oct. 9, 2012). "Impleader 'must involve an attempt to pass on to the third party all or part of the liability asserted against the defendant. [I]t must be an assertion of the third-party defendant's *derivative* liability to the third-party plaintiff.'" *Ruderman*, 2012 WL 4795705 (internal citations and markings omitted) (emphasis in original).

Here, Plaintiff seeks damages for personal injuries arising out of a workplace accident involving a scissor lift (the "Lift'). As alleged by the parties, the Lift was designed and manufactured by Skyjack, and at the time of the accident, had been rented from Defendant Untied Rentals (North America), Inc. by Plaintiff's employer, Reliable (Doc. 45; Doc. 65; Doc. 67). Skyjack alleges that it has learned that Reliable disregarded numerous safety precautions and disregarded numerous safety precautions required by Skyjack's Operating Manual for the Lift and applicable industry standards (Doc. 67). Therefore, Skyjack argues that Reliable misused the Lift and created unreasonable dangerous conditions for the Lift such that Reliable may be liable for contribution should Skyjack be found liable to Plaintiff. These allegations fall within the general contours of Rule 14(a).

Further, the proposed third-party complaint does not contravene customary jurisdictional and venue requirements. A third-party claim must be supported by an independent basis of subject matter jurisdiction or by supplemental jurisdiction under 28 U.S.C. § 1367(a). *Ruderman*, 2012 WL 4795705. The case is before the Court on diversity jurisdiction.[1] The proposed third-party complaint asserts diversity jurisdiction and supplemental jurisdiction under 28 U.S.C. § 1367. Indeed, Skyjack is a citizen of Canada (Doc. 12); and Reliable is alleged to be a citizen of Michigan, and responsible for all or part of the Plaintiff's alleged damages against Skyjack (Doc. 67). *See* 28 U.S.C. § 1367 (courts have supplemental jurisdiction over third-party claims asserted by a defendant under § 1367(a)). The proposed third-party complaint also satisfies the venue requirements of 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Skyjack's claim because Plaintiff's injuries occurred in Fairview Heights, Illinois, which is located within this District.

The parties do not argue that they will suffer any prejudice, and the Court finds no potential prejudice for allowing the third-party complaint. Skyjack filed its Motion prior to the deadline for commencing third party actions (*see* Doc. 40-1), and this case is still relatively in its infancy. Accordingly, Defendant/Cross-Plaintiff Skyjack, Inc.'s Motion for Leave to File Third-Party Complaint against Reliable Relamping, Inc. (Doc.

---

[1] Plaintiff is a citizen of Park Forest, Illinois; Defendant Skyjack is a citizen of Ontario, Canada; Defendant Lowe's Home Centers, LLC a/k/a Lowe's Home Improvement Center is a citizen of North Carolina; and Defendant United Rentals (North America), Inc. is a citizen of Delaware and Connecticut. (Doc. 12).

4

67) is **GRANTED**. Skyjack, Inc. **SHALL** file its Third-Party Complaint against Reliable Relamping, Inc. by **September 15, 2022**.

### Remaining Docket Issues

Upon review of the docket, the Court observes that Defendant Lowe's Home Centers LLC, a/k/a Lowe's Home Improvement Center has not filed its required disclosures under Fed. R. Civ. P. 7.1. Accordingly, Defendant Lowe's Home Centers LLC is DIRECTED to file its disclosure statement by **September 6, 2022**.

**SO ORDERED.**

Dated: August 30, 2022

_____
DAVID W. DUGAN
United States District Judge