IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRESEAN GINES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:22-cv-840-DWD |
| vs. ) | |
| ) | |
| SKYJACK, INC., ) | |
| UNITED RENTALS (NORTH AMERICA), INC., ) | |
| LOWE'S HOME CENTERS, LLC, ) | |
| ) | |
| Defendants ) | |

## THIRD AMENDED COMPLAINT

COMES NOW Plaintiff Tresean Gines, by and through his attorney Ted Gianaris for Gianaris Trial Lawyers LLC, and states as follows:

### INTRODUCTION, JURISDICTION, VENUE, PARTIES

1. Plaintiff, Tresean Gines, is a citizen and a resident of Park Forest, Illinois.

2. Defendant Skyjack, Inc. is a company organized under the laws of Ontario Canada, with its principal place of business in Ontario Canada. (Hereafter Skyjack)

3. Skyjack's business is the design, manufacture and sale of scissor lifts also known as Mobile Elevating Work Platforms.

4. Skyjack is authorized to do business in the United States and markets and sells products in the United States including Illinois.

5. Skyjack is subject to personal jurisdiction in this court because Tresean Gines was injured by Skyjack's product in Illinois. Pursuant to 735 ILCS 5/2-209 the cause of action arises from

Skyjack's transacting business within the State and from Skyjack's commission of a tortious act within this State.

6. Defendant, Lowe's Home Centers, LLC, also known as Lowe's Home Improvement Center, is a North Carolina limited liability company. (Hereafter Lowe's).

7. Lowe's is in the business of retail sales of home improvement products and on March 26, 2020, operated a retail store located at 6211 North Illinois St., Fairview Heights, Illinois.

8. Lowe's is subject to personal jurisdiction in this court because Tresean Gines was injured by Lowe's actions or inactions on Lowe's premises in Illinois. Pursuant to 735 ILCS 5/2-209 the cause of action arises from Lowe's transacting business within the State and from Lowe's commission of a tortious act within this State.

9. Defendant, United Rentals (North America), Inc., is a Delaware corporation with its principal place of business in Connecticut. (Hereafter United).

10. United is an equipment rental company that serves construction and industrial customers, utilities, municipalities, and others.

11. United is subject to personal jurisdiction in this court because it transacted business in Illinois by renting a scissor lift in Illinois that led to Tresean Gines' injury and Tresean Gines was injured by United's product in  Illinois. Pursuant to 735 ILCS 5/2-209 the cause of action arises from United transacting business within the State and from United's commission of a tortious act within this State.

12. On March 26, 2020, Tresean Gines was working for Reliable Re-Lamping Inc.

13. On March 26, 2020, pursuant to the Scaffold and Access Industry Association Manual of Responsibilities Tresean Gines was Authorized personnel: personnel approved or assigned by the user to perform a specific type of duty or duties at a specific location or locations at a worksite.

14. On March 26, 2020, pursuant to The American National Standards Institute (ANSI) and pursuant to the Scaffold and Access Industry Association Manual of Responsibilities Tresean Gines was an operator: An entity qualified to control the movement of a Mobile Elevating Work Platform. (Hereafter Mobile Elevating Work Platform or MEWP)

15. On March 26, 2020, Tresean Gines was at Lowe's located at 6211 N. Illinois St., Fairview Heights, Illinois.

16. On March 26, 2020, Reliable Re-Lamping Inc. possessed a scissor lift model SJIII3226 (Hereafter the scissor lift) designed, and/or manufactured, and/or sold by Skyjack.

17. On March 26, 2020, Reliable Re-Lamping Inc. possessed the scissor lift designed and manufactured by Skyjack and owned by United.

18. On March 26, 2020, Reliable Re-Lamping Inc. possessed the scissor lift it rented from United.

19. On March 26, 2020, pursuant to The American National Standards Institute (ANSI) and pursuant to the Scaffold and Access Industry Association Manual of Responsibilities, United was an Owner: An entity who has possession of Mobile Elevating Work Platforms by virtue of purchase or legal possession of the Mobile Elevating Work Platform.

20. On March 26, 2020, pursuant to The American National Standards Institute (ANSI) and pursuant to the Scaffold and Access Industry Association Manual of Responsibilities, United was a Dealer: An entity who buys, rents or leases from a manufacturer or distributor and who generally sells, rents and services Mobile Elevating Work Platforms.

21. On March 26, 2020, Tresean Gines was in the scissor lift in the garden center at Lowe's.

22. On March 26, 2020, when Tresean Gines was in the scissor lift in the garden center at Lowe's the lift was extended and was on a slope or grade.

23. On March 26, 2020, when the scissor lift was extended and was on a slope or grade the device which senses the aerial platform is out of level in any direction malfunctioned or did not operate and the tilt alarm did not activate.

24. On March 26, 2020, when the scissor lift was on a slope or grade the cam that activates the limit switch at the cut-out height did not operate appropriately and the safety features that operate at or above the cut-out height did not function.

25. On March 26, 2020, when the scissor lift was on a slope or grade the tilt sensor did not operate appropriately and the safety features that operate at or above that cut-out height did not function.

26. On March 26, 2020, the complete Operator's Manual was not with the scissor lift.

27. On March 26, 2020, the scissor lift tipped causing Tresean Gines to fall to the floor below. (Hereafter the fall)

28. As a direct and proximate result of the fall Tresean Gines injured his elbow, leg, hand, pelvis and spine and had other bodily injuries.

29. As a direct and proximate result of the fall Tresean Gines suffered physical pain, disfigurement, and mental and emotional distress both past and future.

30. As a direct and proximate result of the fall Tresean Gines has incurred medical expenses and lost wages, both past and future.

31. The fall happened in Fairview Heights, Illinois thus venue is proper in this Court.

## COUNT I
## SKYJACK, INC. NEGLIGENCE

32. The above paragraphs are incorporated here as if fully restated.

33. Skyjack designed the scissor lift.

34. Skyjack manufactured the scissor lift.

35. Skyjack sold and/or introduced the scissor lift into the stream of commerce.

36. Skyjack owed a duty to act reasonably under the same or similar circumstances.

37. Skyjack breached the duty to act reasonably and was negligent by:

    a. designing, manufacturing and/or introducing into the stream of commerce the scissor lift which when the scissor lift was on a slope or the cam that activates the limit switch at the cut-out height did not operate appropriately and the safety features that operate at or above the cut-out height did not function;

    b. designing, manufacturing and/or introducing into the stream of commerce the scissor lift which did not have a redundant design for the cam that activates the limit switch at the cut-out height so that the safety features that operate at or above the cut-out height would function even if the cam did not function;

    c. designing, manufacturing and/or introducing into the stream of commerce the scissor lift which had only a single-mode or single-point failure at the cam that activates the limit switch at the cut-out height so that the safety features that operate at or above the cut-out height did not function when the cam did not function;

    d. designing, manufacturing and/or introducing into the stream of commerce the scissor lift with inappropriate set screws on the cam that activates the limit switch at the cut-out height so that when the set screws were loose the safety features that operate at or above the cut-out height did not function;

    e. designing, manufacturing and/or introducing into the stream of commerce the scissor lift which did not have appropriate labels warning the operator about dangers of using the scissor lift on a slope or grade;

  f. designing, manufacturing and/or introducing into the stream of commerce the scissor lift which did not have appropriate labels instructing the operator to perform safety inspections;

  g. Failing to design or manufacture the scissor lift with the degree of skill and care ordinarily used under the same or similar circumstances by manufacturers and experts in Skyjack's business;

  h. Attempting to require the operator to inspect the scissor lift's tilt sensor when it knew or should have known the operator was not qualified and/or did not have the appropriate training or know-how or expertise to inspect the scissor lift tilt sensor; and/or

  i. Not providing an appropriate means by which operators received the Skyjack operator's check list and were taught how to appropriately use the list regarding the tilt sensor;

  j. Other acts of negligence, carelessness, and recklessness.

38. Each or all of these acts of negligence was/were the proximate cause of the scissor lift tipping when being used for its intended purpose and Tresean Gines was injured as described above.

WHEREFORE, Plaintiff, prays this Court to enter judgment in his favor and against this Defendant jointly and severally, to award compensatory damages more than the jurisdictional limit for this court, and to grant such other and further relief as this Court deems appropriate.

## COUNT II
## SKYJACK, INC. STRICT LIABILITY

39. The above paragraphs are incorporated here as if fully restated.

40. Skyjack sold the sky lift in a defective condition unreasonably dangerous to the user or consumer.

41. Skyjack expected and intended the scissor lift to be sold or distributed or rented and to reach users in the condition in which it was sold or distributed.

42. On March 26, 2020, Tresean Gines was unaware of any defect in the scissor lift.

43. When Tresean Gines sustained injuries in the fall, the scissor lift was in a defective condition, and it was unreasonably dangerous to a user in that the scissor lift was designed without adequate mechanical capabilities and safety precautions to engage at the cut-out height and prevent it from tipping.

44. When Tresean Gines sustained injuries in the fall, the scissor lift was in a defective condition, and it was unreasonably dangerous to a user in that the scissor lift did not have adequate warning of its dangerous propensity to tip on a slope or on a grade.

45. The defective condition was not observable to Tresean Gines who relied on the duty of Skyjack to deliver the scissor lift at the time it left Skyjack's possession in a condition fit for use for the purposes intended.

46. On March 26, 2020, Tresean Gines was using the scissor lift in the course and scope of his work when the scissor lift's cam failed to engage the limit switches at the cut-out height and the safety features did not function and did not prevent the scissor lift from operating on a slope or a grade.

47. Skyjack made an implied warranty that the scissor lift was fit for use as an elevated work platform, the purpose for which it was designed, that it was safe and suitable to be used as an elevated work platform and that it was safe and suitable to be used by Tresean Gines in elevated work.

48. In using the scissor lift Tresean Gines relied on Skyjack's skill and judgment in the implied warranty of fitness for the purpose of elevated work.

49. The scissor lift was not fit to use for its intended purpose, and as a result Skyjack breached the warranty of fitness.

50. The scissor lift designed and manufactured by Skyjack and used by Tresean Gines was not of merchantable quality, rather was unfit, unsafe, and unusable for the purpose for which it was intended.

51. Each or all of these defects was/were the proximate cause of the scissor lift tipping when being used for its intended purpose and Tresean Gines was injured as described above.

WHEREFORE, Plaintiff, prays this Court to enter judgment in his favor and against Defendant jointly and severally, to award compensatory damages more than the jurisdictional limit for this court, and to grant such other and further relief as this Court deems appropriate

## COUNT III
## UNITED RENTALS (NORTH AMERICA), INC. NEGLIGENCE

52. The above paragraphs are incorporated here as if fully restated.

53. United rented and thus introduced the scissor lift into the stream of commerce.

54. United owed a duty to act reasonably under the same or similar circumstances.

55. United breached the duty to act reasonably and was negligent by:

   a. renting to Plaintiff's employer the scissor lift which when the scissor lift was on a grade or slope the cam that activates the limit switch at the cut-out height did not operate appropriately and the safety features that operate at or above the cut-out height did not function;

   b. renting to Plaintiff's employer the scissor lift which did not have a redundant design for the cam that activates the limit switch at the cut-out height so that the safety features that operate at or above the cut-out height would function even if the cam did not function;

    c. renting to Plaintiff's employer the scissor lift which had a single-mode or single-point failure at the cam that activates the limit switch at the cut-out height so that the safety features that operate at or above the cut-out height did not function when the cam did not function;

    d. renting to Plaintiff's employer the scissor lift with inappropriate set screws on the cam that activates the limit switch at the cut-out height so that when the set screws were loose the safety features that operate at or above the cut-out height did not function;

    e. renting to Plaintiff's employer the scissor lift with loose set screws on the cam that activates the limit switch at the cut-out height so that the safety features that operate at or above the cut-out height did not function;

    f. in the alternative renting to Plaintiff's employer the scissor lift with set screws on the cam that it knew would be or could be loosened by customers and not taking reasonable precautions in light of this knowledge to warn Plaintiff that anti-tip safety features would not function;

    g. in the alternative renting to Plaintiff's employer the scissor lift with set screws on the cam that it knew would be or could be loosened by customers and not taking reasonable precautions in light of this knowledge to warn users or operators that anti-tip safety features would not function;

    h. in the alternative renting to Plaintiff's employer the scissor lift with set screws on the cam that it knew would be or could be loosened by customers and not taking reasonable precautions to prevent the loosening and thus to prevent the non-functioning of the anti-tip safety features;

    i. renting to Plaintiff's employer the scissor lift which did not have appropriate labels warning the operator about dangers of using the scissor lift on a slope or grade;

j.  renting to Plaintiff's employer the scissor lift which did not have appropriate labels instructing the operator to perform safety inspections;

k.  renting to Plaintiff's employer the scissor lift with improperly functioning set screws on the cam that activates the limit switch at the cut-out height so that because the set screws were loose the safety features that operate at or above the cut-out height did not function;

l.  renting to Plaintiff's employer the scissor lift without conducting appropriate bi-annual, annual, frequent and pre-delivery inspections;

m.  renting to Plaintiff's employer the scissor lift which did not have an appropriate operating manual;

n.  renting to Plaintiff's employer the scissor lift which did not have appropriate safety precautions to prevent it from tipping when operated in a reasonably foreseeable manner;

j.  Attempting to require the operator to inspect the scissor lift's tilt sensor without appropriate training or know how or expertise to inspect the scissor lift's tilt sensor;

k.  Renting a scissor lift that had not been appropriately maintained;

l.  Renting a scissor lift that had broken or not working parts;

m.  Renting a scissor lift in a defective condition;

n.  Renting a scissor lift without meeting the responsibility for training and/or familiarizing Reliable Re-Lamping or the user or operator with the safe operation of the scissor lift;

o.  Failing to provide the Skyjack operator's check list to the operator;

p.  Failing to rent the scissor lift with the degree of skill and care ordinarily used under the same or similar circumstances by rental companies in United's business.

q.  Other acts of negligence, carelessness, and recklessness.

56. The American National Standards Institute (ANSI), promulgates safety standards. Defendant violated a safety standard, to wit the ANSI standards; violation of the ANSI standards caused the type of harm that the standard was intended to prevent, to wit: the scissor lift's tipping and Tresean Gine's fall; and violation of the ANSI standard caused injury to a member of the class of persons intended to be protected by the standard, to wit: the scissor lift's operator, Tresean Gines.

57. Before the rental period that included March 26, 2020, as a Dealer and/or Owner of the scissor lift, United is guilty of negligence per se for failing to conduct an appropriate pre-delivery inspection as required by The American National Standards Institute (ANSI) and pursuant to the Scaffold and Access Industry Association Manual of Responsibilities, to wit: prior to each delivery, the owner or dealer delivering the MEWP for sale, lease, rental of any form of use shall insure the MEWP is inspected, repaired and adjusted in accordance with the manufacturer's specifications.

58. Before the rental period that included March 26, 2020, as a Dealer and/or Owner of the scissor lift, United is guilty of negligence per se for failing to conduct an appropriate Frequent Inspection as required by The American National Standards Institute (ANSI) and pursuant to the Scaffold and Access Industry Association Manual of Responsibilities, to wit: prior to placing the MEWP into service the MEWP owner shall insure a frequent inspection is performed in accordance with the requirements of sections 5.3.2, 5.3.3 and 5.3.4 and the manufacturer's instructions unless it is determined that the frequent inspection is current. 5.3.3 the inspection shall be made by a person qualified to inspect the specific make and model of the MEWP. The inspection shall include all items specified by the manufacturer for a frequent inspection, to include manufacturer's bulletins and shall as applicable, include but not be limited to the following: a) all functions and their controls, including controls for emergency operations, for speed(s), proper

operation and limits of motion; … f) visual inspection of … locking devices; … [and,] o) audible or visual alarms, if applicable, for proper operation… .

59. United is guilty of negligence per se for violation of the requirement by The American National Standards Institute (ANSI) and pursuant to the Scaffold and Access Industry Association Manual of Responsibilities section 5.3.4, to wit:  the MEWP shall not be placed into service until all malfunctions and problems have been corrected.

60. Before the rental period that included March 26, 2020, as a Dealer and/or Owner of the scissor lift, United is guilty of negligence per se for failing to conduct an appropriate Annual Inspection as required by The American National Standards Institute (ANSI) and pursuant to the Scaffold and Access Industry Association Manual of Responsibilities to wit: owner shall insure an annual inspection is performed no later than 13 months from the date of the prior annual inspection: the inspection shall be performed by a person qualified to inspect the specific make and model of MEWP.  The inspection shall include all items included in frequent inspection (see 5.3.3.) Plus, items specified by the manufacturer for an annual inspection, to include manufacturer's bulletins. The inspection shall verify that the MEWP is registered with the MEWP manufacturer and that any open safety – related bulletins are addressed as part of the inspection. The MEWP shall not be placed back into service until all malfunctions and problems identified in this inspection have been corrected.

61. Each or all of these acts of negligence was/were the proximate cause of the scissor lift tipping when being used for its intended purpose and Tresean Gines was injured as described above.

WHEREFORE, Plaintiff, prays this Court to enter judgment in his favor and against Defendant jointly and severally, to award compensatory damages more than the jurisdictional limit for this court, and to grant such other and further relief as this Court deems appropriate.

## COUNT IV
## UNITED RENTALS (NORTH AMERICA), INC. STRICT LIABILITY

62. The above paragraphs are incorporated here as if fully restated.

63. United rented the sky lift in a defective condition unreasonably dangerous to the user or consumer.

64. When Tresean Gines sustained injuries in the fall, the scissor lift was in a defective condition, and it was unreasonably dangerous to a user in that the scissor lift was rented without adequate mechanical capabilities and safety precautions to engage at the cut-out height and to prevent it from tipping.

65. When Tresean Gines sustained injuries in the fall, the scissor lift was in a defective condition, and it was unreasonably dangerous to a user in that the sky lift did not have adequate warning of its dangerous propensity to tip on a slope or on a grade.

66. United expected and intended the scissor lift to be used in the condition in which it was rented.

67. On March 26, 2020, Tresean Gines was unaware of any defect in the scissor lift.

68. On March 26, 2020, Tresean Gines was using the scissor lift in the course and scope of his work when the scissor lift's cam failed to engage the limit switches at the cut-out height and the safety features did not function and did not prevent the scissor lift from operating on a slope or a grade.

69. When Tresean Gines sustained injuries in the fall, the scissor lift was in a defective condition, it was unreasonably dangerous to a user in that the lift had inadequate mechanical capabilities and safety precautions to prevent it from tipping.

70. The defective condition was not observable to Tresean Gines who relied on the duty of United to deliver the scissor lift in a condition fit for use for the purposes intended.

71. On March 26, 2020, Tresean Gines was using the scissor lift in the course and scope of his work when the scissor lift's anti-tip capabilities failed to keep it from tipping.

72. United made an implied warranty that the scissor lift was fit for use as an elevated work platform, the purpose for which it was rented and thus introduced into the stream of commerce, that it was safe and suitable to be used as an elevated work platform and that it was safe and suitable to be used by Tresean Gines in elevated work at the Lowe's premises in Fairview Heights.

73. In using the scissor lift Tresean Gines relied on United's skill and judgment regarding the implied warranty of fitness for the purpose of elevated work at the Lowe's premises in Fairview Heights.

74. The scissor lift was not fit to use for its intended purpose, and as a result United breached the warranty of fitness.

75. The scissor lift rented by United and used by Tresean Gines was not of merchantable quality, rather was unfit, unsafe, and unusable for the purpose for which it was intended.

76. Each or all of these defects was/were the proximate cause of the scissor lift tipping when being used for its intended purpose and Tresean Gines was injured as described above.

WHEREFORE, Plaintiff, prays this Court to enter judgment in his favor and against Defendant jointly and severally, to award compensatory damages more than the jurisdictional limit for this court, and to grant such other and further relief as this Court deems appropriate.

## COUNT V
## LOWE'S HOME CENTERS, LLC NEGLIGENCE PREMISES LIABILITY

77. The above paragraphs are incorporated here as if fully restated.

78. Lowe's owed a duty to act reasonably under the same or similar circumstances.

79. Lowe's knew Tresean Gines was on its premises changing lights from the scissor lift.

80. Lowe's knew there was a grade or slope in the garden center floor in the area Tresean Gine's and Reliable Re-lamping were working with the scissor lift.

81. Lowe's knew or should have known there was a grade or slope in its garden center floor that was hidden.

82. In the alternative, Lowe's knew or should have known there was a grade or slope in its garden center floor that was not obvious.

83. In the alternative, Lowe's knew or should have known there was a grade or slope in its garden center floor that was dangerous when a scissor lift performed elevated work from on top of the grade or slope.

84. Lowe's knew or should have known there was a grade or slope in its garden center floor that was not known to Tresean Gines.

85. In the alternative, Lowe's knew or should have known there was a grade or slope in its garden center floor that Tresean Gines would not appreciate as a danger.

86. Lowes breached the duty to act reasonably and was negligent by:

    a. Not warning Tresean Gines of the dangerous slope or grade;

    b. Requiring Tresean Gines to work on the dangerous slope or grade;

    c. Allowing Tresean Gines to work on the dangerous slope or grade; and/or

    d. Not providing a safe workplace for Tresean Gines.

87. Each or all of these acts of negligence was/were the proximate cause of the scissor lift tipping when being used for its intended purpose and Tresean Gines was injured as described above.

WHEREFORE, Plaintiff, prays this Court to enter judgment in his favor and against Defendant jointly and severally, to award compensatory damages more than the jurisdictional limit for this court, and to grant such other and further relief as this Court deems appropriate.

Respectfully Submitted,

GIANARIS TRIAL LAWYERS

Attorney for Plaintiff

/s/ Ted N. Gianaris
Ted N. Gianaris, IL#6237156
One Court Street
Alton, IL 62002
618-816-9999
tgianaris@lawforpeople.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 30, 2022 a true and correct copy of the foregoing to the following counsel of record via electronic mail and the Court's ECF system:

SANDBERG PHOENIX & von GONTARD P.C.
Lyndon P. Sommer, #6210128
Casey F. Wong, #6302131

600 Washington Avenue - 15th Floor
St. Louis, MO 63101-1313
314-231-3332
314-241-7604 (Fax)
lsommer@sandbergphoenix.com
cwong@sandbergphoenix.com
**Counsel for United Rentals (North America), Inc.**


WHEELER TRIGG O'DONNELL LLP
Peter W. Herzog III
Thomas J. Palazzolo, #6211909
Jake Taylor
211 N. Broadway, Suite 2825
St. Louis, Missouri 63102-2110
Telephone: 314.326.4129
Facsimile: 303.244.1879
pherzog@wtotrial.com
palazzolo@wtotrial.com
taylor@wtotrial.com
**Attorneys for Defendant Skyjack Inc**.


WIEDNER & McAULIFFE, LTD.
Josh C. Breithaupt, #6289118
C. Zachary Vaughn, #6288673
101 S. Hanley, Suite 1450
St. Louis, Missouri 63105
(314) 721-3400 – telephone
(314) 725-5755 – fax
czvaughn@wmlaw.com
 jcbreithaupt@wmlaw.com

**Attorneys for Defendant LOWE'S HOME CENTERS, LLC**

**/s/ Ted Gianaris**